IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | CASE NO.: 5:23-CR-8 (CAR) |
| : | |
| **EVA REBECCA WELLS,** : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER OF FORFEITURE AS TO CERTAIN SUBSTITUTE**
**PROPERTY OF DEFENDANT EVA REBECCA WELLS**

WHEREAS, the United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), has moved for an order of forfeiture as to certain substitute property to include the following: one (1) 2021 Cadillac CT5, Sedan 4D 5P, VIN: 1G6DW5RK1M0112882 (hereinafter referred to as the Substitute Property);

WHEREAS, on June 3, 2024, the Court entered a Preliminary Order of Forfeiture including a money judgment in favor of the United States and against Defendant Eva Rebecca Wells ("Defendant") in the amount of two hundred twenty-one thousand, six hundred forty-eight dollars, and thirty-two cents ($221,648.32), which represented the total amount of the proceeds obtained by the Defendant in the fraud scheme;

AND WHEREAS, the Court finds that because of the acts or omissions of the Defendant, the funds constituting or derived from proceeds traceable to the commission of the offense(s) of the Defendant are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b);

AND WHEREAS, as a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the United States is entitled to an order forfeiting other property of the Defendant as a substitute for the money judgment;

IT IS HEREBY ACCORDINGLY ORDERED THAT:

1. Upon entry of this Order, the United States Attorney General (or his designee) is authorized to seize the Substitute Property, and to conduct proper discovery in identifying, locating, or disposing of the Substitute Property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

2. The United States shall publish notice of the Order and its intent to dispose of the Substitute Property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Substitute Property.

3. Any person, other than the above-named Defendant, asserting a legal interest in the Substitute Property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Substitute Property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 982(b).

4. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2) as to the Substitute Property.

5. Any petition filed by a third-party asserting an interest in the Substitute Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Substitute Property, any additional facts supporting the petitioner's claim and the relief sought.

6. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Substitute Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions, as incorporated by 18 U.S.C. § 982(b).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed two hundred twenty-one thousand, six hundred forty-eight dollars, and thirty-two cents ($221,648.32) to satisfy the money judgment in whole or in part, entered against the Defendant.

9. Any funds collected from the liquidation of the Substitute Property in excess of the judgment amount shall be returned to Defendant Wells.

**SO ORDERED**, this 29th day of January, 2025.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY

*/s/ Michael P. Morrill*_____
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410